## APP *against* CORYELL.

Money staked upon a horse-race may be recovered by the bettor, either from the winner or the stake holder.

Where a sum of money is raised by the contribution of several persons, to be bet upon a horse race, and the same is deposited in the hands of the stake-holder by one of the contributors; in an action against such stake-holder, to recover back the money, by the individual who deposited it, it was held, that he was entitled to recover only that part of the stake which he contributed, and not the whole.

In such action against the stake-holder it is competent for him to give evidence, that part of the money staked was counterfeit, although it be not produced upon the trial.

ERROR to the Common Please of *Union* county.

This action was brought by *Charles Coryell* against *Matthias J App*, to recover one hundred and fifty dollars which was deposited in the hands of *App*, by the plaintiff, as a wager upon a horse race, made between *Coryell* and *Streetor*. The race was run and the wager lost by *Coryell*, who immediately gave notice to *App* not to give up the money. It was in evidence that the money staked by *Coryell* was made up by several persons, each of them had an interest in the race, to the amount contributed by him. The defendant also offered to prove, that ten dollars of the money deposited with him by the plaintiff was counterfeit: the court decided, that if the notes alleged to be counterfeit were produced by the defendant, the evidence was admissible; otherwise it was not. The notes were not produced, and the evidence was rejected, to which opinion the defendant excepted. The defendant had not paid over the money to the winner, but had it when the suit was brought. The plaintiff made no demand before suit brought.

Three points were made by the defendant's counsel, upon which the court was requested to charge the jury; the substance of which were, that under our acts of assembly, on the subject of horse racing, there can be no recovery against the stake-holder. 2. That the plaintiff, if entitled to recover at all, can only recover the amount actually contributed by him to the wager. 3. That a demand, previously to the institution of the suit, is essential to the plaintiff's right to recover. All these points were answered in the negative; and were the subject of discussion in this court; in the course of which the defendant's counsel offered to release ten dollars of the verdict and judgment, the amount which it was alleged was received in counterfeit money.

*Bellas*, for plaintiff in error,

*Lashells* for defendant in error.

PER CURIAM.—The court very properly directed, that money

(App *v.* Coryell.)

staked may be recovered, either from the winner or the stakeholder: but on two of the remaining points, the charge was either calculated to mislead, or positively erroneous. The judge was requested to charge, that the plaintiff could recover no part of the money that was not his own; but directed, that he could recover the money he *staked* and *deposited* as *his bet,* and that it was of no consequence from whom he had obtained it, if it were his bet or wager. By this, the defendant's prayer, which was a material one, was evaded. The contract being void, the money could be recovered only on the promise implied from the receipt of it to the plaintiff's use, which, in this respect , is determined by the nature of the consideration. The promise, in fact, arises out of, and is guided by the consideration, which is the receipt of the money; as was held in *Boggs* v. *Curtin* 10 *Serg. & Rawle,* 213. No money, however, is received to a man's use but his own: consequently the law implies no promise to any one but the owner, it was not sufficient, therefore, to entitle the plaintiff to recover the whole, that he had actually staked or deposited the whole as his bet, if it were not so in fact; for if there were originally a partnership, being illegal, it would go for nothing, and each of the parties could recover only on his original right of property, and consequently for himself. As to the plaintiff being bound to take any particular money in satisfaction, after having recovered, we are at a loss for an authority for that, or for any principle on which the charge as regards that particular or the rejection of the evidence, to prove that a part of the money staked was counterfeit, can be supported, The refusal to produce the challenged notes, was but a circumstance, though a strong one, to rebut the force of the offered evidence, not to exclude it. There was positive evidence, also, of the plaintiff's own declarations, that *John M. Clay,* a witness produced by him, was interested, which does not seem to have been encountered, much less overthrown, by the evidence on which the court relied for a removal of the objection.

Judgment reversed and a *venire de novo* awarded.